USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Sept. 24, 2015

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
JUAN LAVARIEGA,                      :
                                     :
                    Petitioner,      :
                                     :
    -against-                        :
                                     :   No. 14 Civ. 5008 (JFK)
JEH JOHNSON, Secretary for The       :
Department of Homeland Security,     :       **OPINION & ORDER**
U.S. Immigration and Customs         :
Enforcement and U.S. Citizenship     :
and Immigration Service, division    :
of Department of Homeland Security;  :
and the United States of America,    :
                                     :
                    Respondent.      :
                                     :
------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

In this action, Petitioner Juan Lavariega's ("Petitioner") moves for a Writ of Habeas Corpus and a Writ of Mandamus pursuant to 28 U.S.C. § 2241 and § 2242. Respondents Jeh Johnson, Secretary of the Department of Homeland Security; U.S. Immigration and Customs Enforcement; U.S. Citizenship and Immigration Services; and the United States (collectively, "Respondents" or the "Government") oppose the petition on the ground that the Court lacks subject matter jurisdiction to address Lavariega's claims. The Court agrees.

**I. Background**

Lavariega is a citizen of Mexico who, according to the Petition, resides with his children and grandchild in

Poughkeepsie, New York.  He is also a beneficiary of an I-130 Petition for Alien Relative, which was filed by his wife—a United States citizen—on his behalf in 1997.  After his I-130 Petition was approved by the former Immigration and Naturalization Service ("INS") in 1998, Lavariega filed an I-485 Application in order to adjust his status to lawful permanent resident.

While his I-485 application was pending, Lavariega left the United States and returned to Mexico.  On February 14, 2000, Petitioner was detained by INS officers after attempting to reenter the United States at a border crossing at San Ysidro, California through a lane designated for U.S. citizens.  While detained, Lavariega signed a declaration stating that he falsely claimed to be a U.S. citizen at the time of entry.  Thereafter, on February 15, 2000, the INS issued an expedited removal order against Lavariega pursuant to 8 U.S.C. § 1225(b)(1).  The order stated that Lavariega was inadmissible to the United States because he (1) falsely claimed U.S. citizenship and (2) lacked valid immigration documents entitling him to entry into the United States. See 8 U.S.C. §§ 1182(a)(6)(C)(ii), 1182(a)(7)(A)(i)(I).  Lavariega was subsequently released from INS custody and returned to Mexico.[1]

---

[1] Although not addressed in the instant petition, it appears from Lavariega's statement that he "live[s] in Poughkeepsie" that—

The instant petition was filed on June 3, 2014. In it, Lavariega asserts that he did not falsely claim U.S. citizenship; rather, he claims that he entered the lane for U.S. citizens at the San Ysidro border crossing because he mistakenly believed that it was for all persons with a legal right to enter the United States. Further, Petitioner contends that he signed the declaration stating that he had falsely claimed U.S. citizenship without understanding it, because it was in English. Finally, Lavariega also alleges that he was not given access to counsel before being removed. Accordingly, Lavariega moves pursuant to 28 U.S.C. §§ 2241 and 2242 for (1) an order granting the Writ of Habeas Corpus and (2) an order granting the Writ of Mandamus against Respondents "so that a determination on [P]etitioner's immigration applications can be made." (Pet. at 4.) Alternatively, Lavariega seeks an order granting the Writ of Mandamus as against Respondents "to issue and file a Notice to Appear before the Immigration Court." (Id.)

## II. Discussion

### A. Writ of Habeas Corpus

As an initial matter, the Court notes that Lavariega's petition fails to state a claim under 28 U.S.C. §§ 2241 and 2242. Section 2241 provides federal courts with authority

---

despite being ordered removed by the INS—he later returned to the United States.

to grant writs of habeas corpus on behalf of persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see Poindexter v. Nash, 333 F.3d 372, 377 (2d Cir. 2003).  Thus, applications for habeas relief under § 2241 must "allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." Id. § 2242.  Here, however, Lavariega does not claim to be detained by the U.S. Government.  As a result, §§ 2241 and 2242 are inapplicable to his petition.

   Instead, Lavariega appears to be seeking judicial review of his February 2000 expedited removal order, which was issued pursuant to 8 U.S.C. § 1225(b)(1).  Judicial review of orders of removal is governed by 8 U.S.C. § 1252(a), which permits habeas proceedings to be commenced where a petitioner seeks relief from "determination[s] made under section 1225(b)(1)." See id. § 1252(e)(2).  The scope of federal jurisdiction in such cases is strictly limited, however, "to determinations of—(A) whether the petitioner is an alien, (B) whether the petitioner was ordered removed under [§ 1225(b)(1)], and (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee . . . , or has been granted asylum." Id.; see also Kabenga v. Holder, 76 F. Supp. 3d

4

480, 482 (S.D.N.Y. 2015) ("Put otherwise, federal courts are not authorized to decide whether an alien <u>should be</u> admitted to the United States. They are only authorized to decide whether an alien in fact <u>has been </u>admitted to the United States.").

Here, Lavariega's petition for habeas relief does not challenge any of the three determinations that the Court has jurisdiction to review under § 1252(e)(2). Specifically, the petition does not dispute that Lavariega, a citizen of Mexico, is an alien (Pet. ¶ 10; Return, Ex. D at 2) or that he was ordered removed under 8 U.S.C. § 1225(b)(1) on February 15, 2000 (Pet. ¶ 12-13; Return Ex. E). Further, Lavariega has made no showing that he is an alien lawfully admitted for permanent residence, has been admitted as a refugee, or has been granted asylum. <u>See</u> 8 U.S.C. § 1252(e)(2)(C). Instead, the petition merely alleges that Lavariega was the beneficiary of an I-130 Petition and that he had a pending application for permanent residency at the time he was detained. (Pet. ¶ 15; <u>see also</u> Return, Ex. B, G (noting that Lavarieg's I-485 application was later denied).) But an I-130 petition for alien relative is not an immigration visa; rather, it is filed by a citizen or lawful permanent resident of the United States in order to establish that person's relationship to certain alien relatives who wish to immigrate to the United States. <u>See</u> U.S. CITIZENSHIP AND IMMIGRATION SERVICES, 1-130 PETITION FOR ALIEN RELATIVE,

5

http://www.uscis.gov/i-130 (last visited Sept. 23, 2015) ("Filing and approval of an I-130 is only the first step in helping a relative immigrate to the United States."). Accordingly, because Lavariega has failed to allege any basis upon which the Court could grant relief, his application for a writ of habeas corpus must be dismissed.

### B. Writ of Mandamus

Lavariega's petition also seeks a writ of mandamus. As a general matter, "mandamus is an extraordinary remedy, intended to aid only those parties to whom an official or agency owes a clear and nondiscretionary duty." See Escaler v. U.S. Citizenship & Immigration Servs., 582 F.3d 292 (2d Cir. 2009) (citation and internal quotation marks omitted). In seeking a writ of mandamus, a petitioner must therefore "show a clear and indisputable right to its issuance." Id. (citation and internal quotation marks omitted).

Once again, Lavariega's petition fails to meet this standard. Although Lavariega contends that a writ of mandamus is needed "so that a determination on [P]etitioner's immigration applications can be made," he has identified no applications or other claims that are outstanding. Nor has he shown that an order directing Respondents to appear before the Immigration Court is warranted. Instead, as the Government notes, the I-130 Petition filed on Lavariega's behalf by his wife was approved by

the INS in 1998, while his I-485 Application was denied in 2001. (See Return Exs. A, B, G.)  Similarly, although the Government has identified two additional applications related to Lavariega— a second I-130 Petition filed by his wife in June 1998 and an Application for Employment Authorization filed by Lavariega in March 2001—these applications were already approved in January 2001 and denied in April 2001, respectively.

Thus, Petitioner has not shown—and the Government has not identified—any pending applications relating to Lavariega that an official or agency of the United States has a clear and nondiscretionary duty to adjudicate. See Lihua Jiang v. Clinton, No. 08 Civ. 4477, 2011 WL 5983353, at *3 (E.D.N.Y. Nov. 28, 2011) (concluding that a petition for a writ of mandamus was "moot" because the Government "discharged any non-discretionary duty" when it processed the plaintiff's application and subsequently denied her son's visa request); see also Altman v. Bedford Cent. School Dist., 245 F.3d 49, 69 (2d Cir. 2001) (noting that federal courts lack subject matter jurisdiction over claims that are moot).  Accordingly, in the absence of an actual and ongoing controversy, Lavariega's petition is moot and must be dismissed for lack of subject matter jurisdiction.

### III. Conclusion

For the foregoing reasons, Lavariega's petition for a Writ of Habeas Corpus and a Writ of Mandamus is dismissed.

**SO ORDERED.**

Dated:   September 24, 2015
         New York, New York

*John F. Keenan*
John F. Keenan
United States District Judge